UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:22-CR-58 |
| v. ) | |
| ) | JUDGE GREER |
| NAOMI LOUISE QUILLEN-HAWK ) | |

### PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and Naomi Louise Quillen-Hawk, hereinafter, the "defendant," and Timothy Elrod and Gena Lewis, the defendant's attorneys, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

   Count One. Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

   The punishment for this offense is as follows –

   a) Imprisonment for not more than 10 years,

   b) A fine of not more than 250,000,

   c) A term of supervised release of not more than 3 years, and

   d) A $100, mandatory special assessment fee.

2. There are no remaining counts in the indictment. In consideration of the defendant's guilty plea, the United States agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the indictment in this case and that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties. The United States also agrees not to further prosecute the defendant's daughter for her involvement in possession of a Glock, model 23, .40 caliber pistol while an unlawful user of a controlled

substance, or for her providing the defendant actual or constructive possession to the Glock, model 23, .40 caliber pistol, or any other firearm identified in the indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a) The defendant has the following, felony convictions:

        i) Sell of Schedule III Controlled Substance, in the Circuit Court of Jefferson Co., TN, on or about June 8, 2020, with a sentence of 4 years, suspended to 4 years of supervised probation, and an offense date of April 29, 2015,

        ii) Sell of Oxycodone, in the Circuit Court of Jefferson Co., TN, on or about June 8, 2020, with a sentence of 4 years, suspended to 4 years of supervised probation, and an offense date of July 8, 2015,

        iii) Sell of Hydrocodone, in the Circuit Court of Jefferson Co., TN, on or about June 8, 2020, with a sentence of 4 years, suspended to 4 years of supervised probation, and an offense date of July 8, 2015,

        iv) Sell of Oxycodone, in the Circuit Court of Jefferson Co., TN, on or about June 8, 2020, with a sentence of 4 years, suspended to 4 years of supervised probation, and an offense date of July 14, 2015, and

v) Sell of Oxycodone, in the Circuit Court of Jefferson Co., TN, on or about June 8, 2020, with a sentence of 4 years, suspended to 4 years of supervised probation, and an offense date of August 6, 2015.

b) On February 10, 2022, Tennessee Department of Corrections Probation Officer Ashley Livesay, assisted by Greene Co. Sheriff's Office Detective Chuck Humphreys and Mosheim Police Department officers, conducted a probation search of the residence of the defendant, which was located at 1275 Sinking Springs Road, Midway, TN. The purpose of the search was to determine whether the defendant was in possession of firearms and/or unlawful, prescription medication. The defendant was the only person present.

c) During the search, law enforcement located a Smith & Wesson, M&P Shield, .40 caliber pistol beneath a pillow on the left side of a bed, as well as a GLOCK, model 42, .380 caliber pistol between the mattress and box springs of the same bed. The firearms were on opposite sides of the bed from each other. When asked who slept in the bedroom, the defendant stated that she and her boyfriend used the bedroom. The defendant stated that she rented the property and that she, her boyfriend, and her daughter occupied the residence.

d) In her daughter's room, they located a GLOCK, model 23, .40 caliber pistol in an unlocked gun case. In a room that the defendant identified as being used for storage, law enforcement located a Marlin, model 336, .30-30 caliber rifle. None of the firearms were secured from access by the defendant. Law enforcement recovered prescription bottles for medications that the defendant

3

was previously convicted of selling. In addition to prescriptions for Oxymorphone and Oxycodone, law enforcement recovered a small amount of marijuana in the bedroom of the defendant's daughter.

e) The defendant explained to law enforcement that she and her boyfriend were relocating to another residence in Greeneville, TN, and she agreed to take law enforcement to the new residence. Upon arriving at the new residence, law enforcement recovered a Remington, Model 870, 12-gauge shotgun, along with a shotgun belt and various ammunition, and another bottle of prescription medication. The shotgun was traced and determined to have been purchased by the defendant's boyfriend.

f) GLOCK does not manufacture firearms in the State of Tennessee. Marlin does not manufacture firearms in the State of Tennessee. Remington does not manufacture firearms in the State of Tennessee.

g) In recorded jail calls, the defendant made statements that the marijuana found in her daughter's bedroom belonged to her daughter.

h) The defendant agrees and stipulates that she was previously convicted of an offense punishable by a term of imprisonment exceeding one year. On February 10, 2022, the defendant knew she was previously convicted of an offense punishable by a term of imprisonment exceeding one year. The defendant had dominion and control over the premises in which the firearms were located. The defendant admits that she knowingly possessed the Glock, model 42, .380 caliber firearm found in the bed in her bedroom. The firearms were modern firearms as defined at 18 U.S.C. § 921(a)(3).

5.  The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

   a) the right to plead not guilty;

   b) the right to a speedy and public trial by jury;

   c) the right to assistance of counsel at trial;

   d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

   e) the right to confront and cross-examine witnesses against the defendant;

   f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

   g) the right not to testify and to have that choice not used against the defendant.

6.  Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of 51 months, with a 3-year term of supervised release] is the appropriate disposition of this case. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant agree that pursuant to U.S. Sentencing Guideline 2K2.1(b), the defendant is responsible for only one (1) of the firearms located at the first residence.

7.  The defendant agrees to pay the special assessment in this case prior to sentencing.

8.  Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all firearms and ammunition

5

involved in the commission of the offense in violation of 18 U.S.C. § 922(g)(1). The defendant agrees to forfeit her interest in the following:

- a) Smith & Wesson, Model M&P Shield, .40 caliber pistol, SN:DTC4864, seized from Naomi Louise Quillen-Hawk on February 10, 2022;
- b) Glock, Model 23, .40 caliber pistol, SN: BVX661US, seized from Naomi Louise Quillen-Hawk on February 10, 2022;
- c) Glock, Model 42, .380 caliber pistol, SN: ABES661, seized from Naomi Louise Quillen-Hawk on February 10, 2022;
- d) Marlin, Model 336, .30-30 caliber rifle, SN: 21083615, seized from Naomi Louise Quillen-Hawk on February 10, 2022; and
- e) Remington, Model 870, 12-gauge shotgun, SN: RS39097X, seized from Naomi Louise Quillen-Hawk on February 10, 2022.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

7

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records

8

pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced

9

Case 2:22-cr-00058-JRG-CRW Document 40 Filed 08/15/22 Page 9 of 10 PageID #: 171

charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON, III
UNITED STATES ATTORNEY

8/15/22
Date

By: _____
B. Todd Martin
Assistant United States Attorney

8/12/22
Date

_____ (Hawk)
Naomi Louise Quillen-Hawk
Defendant

8/12/22
Date

Tim Elrod (by permission)
Tim Elrod
Attorney for the Defendant

8/12/22
Date

_____
Gena Lewis
Attorney for the Defendant